IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Civil Action No. 19-cv-02221-STV

Darnell Love Pittman, Sr.,

 Plaintiff,

v.

ANDRE MATEVOUSIAN,

 Defendant.

___

**ORDER**
___

Magistrate Judge Scott T. Varholak

 This matter comes before the Court on Applicant's Motion for Reconsideration ("the Motion"). [#109] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##28, 29, 30] For the following reasons, the Motion for Reconsideration is **DENIED**.[1]

---

[1] The Court notes that Applicant has filed a Notice of Appeal [#104], appealing this Court's decision denying his application for a writ of habeas corpus. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Nevertheless, a district court may exercise jurisdiction over a motion for reconsideration notwithstanding the filing of a notice of appeal. *Sain v. Snyder*, No. CIV 08-1019 RB/LFG, 2009 WL 10707109, at *1 (D.N.M. July 17, 2009) ("[A] Rule 59 motion to alter or amend the judgment or a Rule 60 motion for relief from judgment . . . will toll the vesting of jurisdiction in the appellate court until the district court has ruled on the motion."); *Millers Mut. Fire Ins. Co. v. Sw. Surveying Co., Inc.*, No. CIV 99-499 MV/RLP, 2001 WL 37124825, at *2 (D.N.M. Aug. 5, 2001) (noting a district court may exercise jurisdiction over a motion for reconsideration, in order

I.  **BACKGROUND**

Applicant is a federal prisoner who, at the time of the incident in question, was incarcerated at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado. [#1 at 1; #38 at 1] On July 9, 2018, Lieutenant Derrington issued Incident Report 3143256 (the "Incident Report"), charging Applicant with possession of a hazardous tool. [#1 at 11; #38-1 at ¶ 11] The reporting officer, Officer Meagan Boze, stated that while she was conducting a search of Applicant's personal property, she discovered a metallic razor blade concealed within a Macroeconomics book labeled with Applicant's name as "Property of Darnell Pittman." [#38-1 at ¶¶ 11, 16; #38-4 at 3-4, 6-8, 16]

Following an investigation, the Incident Report was referred for further processing to the Unit Disciplinary Committee ("UDC"). [#38-1 at ¶ 12] On July 11, 2018, the UDC conducted a hearing on the Incident Report. [*Id.* at ¶ 13; *see also* #38-4 at 2, 6] The UDC referred the Incident Report to the Disciplinary Hearing Officer ("DHO"), Sherry Beicker-Gallegos, for further adjudication. [#38-1 at ¶¶ 1, 13] On August 1, 2018, the DHO initiated a hearing regarding the Incident Report. [*Id.* at ¶ 14; *see also* #38-4 at 2] At the hearing, Applicant raised several concerns and stated that he believed he was being retaliated against. [#38-1 at ¶ 14] Ultimately, the DHO decided to postpone the first hearing because the staff representative had not yet fulfilled the duties relating to Applicant's requests. [*Id.*; #38-4 at 3]

---

to deny such a motion, even when a notice of appeal has been filed (citing *Aldridch Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991))).

The hearing resumed on September 26, 2018. [#38-1 at ¶ 15; #38-4 at 3] Recreation Specialist J. Dahlquist appeared on Applicant's behalf as staff representative. [#38-1 at ¶ 15; #38-4 at 4, 20-21] Mr. Dahlquist reviewed the documentation available regarding the Incident Report and presented 11 handwritten documents and 19 pages of exhibits detailing Applicant's defense. [#38-1 at ¶¶ 15, 21; #38-4 at 3-4] Additionally, Applicant was given the opportunity to make a statement at the hearing. [#38-1 at ¶ 16; #38-4 at 2] The DHO concluded, based on the greater weight of the evidence, that Applicant was guilty of the prohibited act of possession of a hazardous tool, as charged in the Incident Report. [#38-1 at ¶ 22; #38-4 at 4] The DHO imposed the following sanctions: 31 days disallowance of good conduct time; and 90 days loss of commissary, visiting, and phone privileges. [#38-1 at ¶ 23; #38-4 at 4-5] A copy of the DHO's written findings and conclusions were provided to Applicant. [#38-1 at ¶ 24; #38-4 at 5]

Applicant, proceeding pro se, filed this action on August 5, 2019, raising several due process challenges with respect to the DHO proceedings. [#1] This Court entered an Order denying the application on March 16, 2021. [#99] Applicant filed the instant Motion for Reconsideration on April 12, 2021. [#171] Respondent has filed a Response. [#118]

## II.   LEGAL STANDARDS

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Stoney v. Cingular Wireless L.L.C.*, No. 06-cv-02003-WYD-KLM, 2009 WL 1394260, at *1 (D. Colo. May 19, 2009) (quoting *Brumark Corp. v. Samson Res.*

3

*Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Does*, 204 F.3d at 1012). Accordingly, "[a]bsent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration." *Id.* (citing *Does*, 204 F.3d at 1012).

### III. ANALYSIS

In the instant Motion for Reconsideration, Applicant presents eight arguments. [#171] None of those arguments present "an intervening change in the controlling law" or "new evidence previously unavailable." *Servants of Paraclete*, 204 F.3d at 1012. Instead, Applicant appears to argue that the Court committed clear error.

Applicant first argues that the Court did not address "prejudicial inconsistencies" in its Order. [#109 at 7-11] This is merely a disagreement with the Court's analysis of the facts of this case and does not rise to the extraordinary level that warrants reconsideration. Applicant next presents two arguments that the Court clearly misapplied

4

the law [*Id.* at 12-14]; however, the Motion points to no caselaw that directly contradicts the Court's analysis. Applicant further argues that the Court failed to address his allegations that the DHO was biased, failed to address case law cited by applicant, and failed to address his allegation that Respondent submitted "perjured testimony." [*Id.* at 14-16] As stated in the Order denying Applicant's petition, this Court considered the entire case file in making its determination. [#99 at 1] Moreover, this Court expressly addressed Applicant's concerns of bias, as well as the case law in question, in the Order. [*Id.* at 9-10, 15, 20]

Finally, Applicant argues that he was prejudiced by this Court's determination to redact certain documents and that the Court was incorrect in not conducting an evidentiary hearing on his petition. [#109 at 17-18] First, the decision to redact certain sensitive documents was not part of this Court's final Order and that issue is not properly before the Court at this time. *See Servants of the Paraclete*, 204 F.3d at 1012 (explaining that issues already addressed are not appropriate for reconsideration). Second, this Court explicitly concluded that an evidentiary hearing was unnecessary. [#99 at 1-2] Applicant provides no caselaw suggesting this conclusion was in error.

For the foregoing reasons, Applicant has failed to demonstrate the extraordinary circumstances warranting a motion for reconsideration and Applicant's Motion for Reconsideration [#109] is **DENIED**.

DATED: May 6, 2021				BY THE COURT:

							s/Scott T. Varholak
							United States Magistrate Judge